IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. MILLER, JR.,

      Petitioner,

vs.                                    CIVIL NO. 16-00163-DRH

KIMBERLY BUTLER,

      Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

      Petitioner James E. Miller, Jr., is currently incarcerated at Menard Correctional Center. He was convicted in 2007 of first degree murder (two counts) and armed robbery, for which he was sentenced to imprisonment for his natural life. *See People v. Miller*, Case No. 03-CF-1363, 2011 WL 10483250 (Ill. App. 5th Dist. 2011). His direct appeal was unsuccessful (*Id.*), and his post-conviction petition has been pending in the state circuit court since June 2012.

      Proceeding *pro se*, Miller has filed the subject petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, requesting this federal court direct the Illinois Circuit Court for Madison County to: (1) deny a pending motion to dismiss his post-conviction petition; (2) hold an evidentiary hearing to consider a newly obtained exculpatory affidavit; and (3) grant him a new trial (Doc. 1). Miller has also filed a motion requesting that this federal court assume jurisdiction over his pending state post-conviction petition (Doc. 2).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court will simultaneously address Miller's related motion regarding this Court assuming jurisdiction over his state post-conviction petition.

### *Section 2254*

Miller's ultimate goal appears to be to change the fact of his conviction; he contends he is actually innocent of the crimes for which he was convicted. *In Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court held that habeas corpus (28 U.S.C. § 2254) is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See also Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir. 2000).

The Court cannot proceed under Section 2254. Section 2254 generally requires state prisoners to exhaust available state remedies *before* seeking habeas review in federal court:

> (b)(1) An applicant for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) *the applicant has exhausted the remedies available in the courts of the State; or*

>(B)(i) there is an absence of available State corrective process; or
>
>(ii) *circumstances exist that render such process ineffective to protect the rights of the applicant.*

28 U.S.C. § 2254(b)(1) (emphases added).

Miller has not offered any justification for not exhausting state court remedies, other than impatience with the delay in state court. His post-conviction petition has been pending since June 2012. According to his chronology of events: an initial motion to dismiss was denied; an evidentiary hearing was granted, but the hearing has yet to be held; the state was granted leave to file a renewed motion to dismiss, but no motion has been filed; Miller has filed an objection to the renewed motion to dismiss and also moved for default judgment, but the motions have not been decided; and Miller's petition for writ of mandamus filed in the Circuit Court for Randolph County was dismissed. Overall, much of the delay has been due to multiple recusals. Actually, it appears that the case has only been stalled since the end of November 2014, when the state should have filed its renewed motion to dismiss.

Although regrettable, a delay of 15 months—even three or four years—does not render the state post-conviction remedy unavailable or ineffective. Recently, the Court of Appeals for the Seventh Circuit characterized a seven year delay as "troubling," but otherwise let stand a district court's dismissal of a Section 2254 petition similar to Miller's. *Gacho v. Butler*, 792 F.3d 732, 737 (7th Cir. 2015). The petition in *Gacho* was dismissed without prejudice on exhaustion grounds, which is what also must occur in Miller's situation.

### Mandamus

Insofar as Miller's petition and motion seek a writ of mandamus, the Court lacks jurisdiction. Although there are two federal statutes that can be used to obtain a writ of mandamus (28 U.S.C. §§ 1361 and 1651), federal courts have no authority to grant mandamus relief against state officials. *See* 28 U.S.C. § 1361 (limiting federal mandamus jurisdiction to actions against "an officer or employee of the United States or any agency thereof"); *United States v. Illinois Bell Telephone Co.*, 531 F.2d 809, 814 (7th Cir. 1976) (unlike Section 1361, Section 1651 is only a mechanism by which the Court asserts its jurisdiction).

**IT IS HEREBY ORDERED** that, for the reasons stated, James E. Miller, Jr.'s Section 2254 habeas corpus petition (Doc. 1) is **DISMISSED without prejudice** and with leave to refile as a new case when state remedies have been exhausted; and Miller's motion requesting this Court assume jurisdiction over his state court post-conviction petition(Doc. 2) is **DENIED**.

This is a nonfinal, nonappealable order. *See Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), and the Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**Signed this 15th day of March, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.15 14:22:19 -05'00'

**United States District Judge**